IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ARINDUS HUMPHREY,

                Petitioner,           Case No. 3:96 CR 750
    -vs-                                          3:04 CV 7748

UNITED STATES OF AMERICA,        MEMORANDUM OPINION
                                                 AND ORDER
                Respondent.

KATZ, J.

      Petitioner, Arindus Humphrey ("Humphrey") has filed a motion under 18 U.S.C. 3582(c)(2) to modify his sentence. His motion is based on a recent amendment to the Sentencing Guidelines lowering the base offense levels applicable to cocaine base ("crack") offenses.

      A review of the history of this case as expansively set forth in the Government's response (Doc. No. 344) reflects that, while Petitioner and three others were indicted for conspiracy to possess cocaine and cocaine base with intent to distribute, at trial a jury convicted Humphrey of a single count. At the sentencing in 1998, the Court attributed over 150 kilograms of cocaine to Humphrey and sentenced him to 360 months in prison. At no time did the sentence involve the consideration of crack cocaine, but was based solely on powder cocaine. After a successful appeal to the United States Supreme Court the case was remanded for re-sentencing in light of *Aprendi v. New Jersey,* 530 U.S. 466 (2000). On remand from the Sixth Circuit, the Court conducted a re-sentencing hearing on September 17, 2002 and did not alter its earlier findings with respect to the quantity of drugs or any other factor, except to note that pursuant to *Aprendi* Humphrey's sentence

could not exceed the statutory maximum of 20 years, despite the higher guidelines range. Accordingly, the Court sentenced him to 240 months in prison. The Sixth Circuit affirmed.

On December 2, 2004 Humphrey filed a motion to set aside or correct the sentence pursuant to 28 U.S.C. § 2255. Judge David D. Dowd, to whom the Court had transferred the case at that time, found his claims meritless and denied Humphrey's motion under 2255. (Doc. No. 342). The instant motion was filed on December 11, 2007.

A review of the history of this case clearly reflects that Humphrey's original and amended sentences were based totally upon the drug quantity of 150 kilograms of cocaine, as reflected in his PSR and the guideline calculations. Crack cocaine was not involved in the sentencing. Therefore, any retroactive application of Guideline Amendment 706 is inapplicable.

Due to the foregoing, the Court will dismiss Petitioner's motion for reduction of sentence for two reasons. First, the Court is without jurisdiction to amend sentences calculated upon quantities of crack cocaine, pursuant to the retroactive application of Guideline Amendment 706, until March 3, 2008 when that retroactivity becomes effective. Second, the Amendment is not applicable to Humphrey's sentence because that sentence was not calculated based upon a quantity of crack cocaine. Petitioner's motion to modify sentence is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*  
DAVID A. KATZ  
U. S. DISTRICT JUDGE